UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RICHARD DODD,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>DAVID LEONARD,<br><br>　　　　Defendant. | CAUSE NO. 3:20CV138-PPS/MGG |

OPINION AND ORDER

Richard Dodd, a prisoner without a lawyer, filed a complaint. ECF 2. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

On August 22, 2017, Dodd was transferred from the Pendleton Correctional Facility to the Westville Correctional Facility. ECF 2 at 12. After his transfer, he was hired as a law clerk in the law library in mid-October 2017. *Id*. Shortly thereafter, he filed his complaint in *Dodd v. Zatecky*, 1:17-CV-3955 (S.D. Ind. filed Oct. 27, 2017). He claims that, after he filed his complaint, Defendant David Leonard, Administrative Assistant #1, who works directly for the prison's Warden, retaliated against him,

resulting in his termination from his law clerk position. *Id*. at 13. More specifically, he claims that, on December 8, 2017, he was targeted for a shakedown and an order was given to search his cell. *Id*. at 13-14. He states the shakedown was unusual in that a yard sergeant came from another area of the prison to conduct the search whereas typically dorm officers assigned to the housing unit would conduct the searches. *Id*. at 13. Dodd asked the yard sergeant why he was conducting the search and he told Dodd that he must have "pissed someone off" because the shakedown order came from a "really high up source." *Id*. at 14. He states he later learned that Leonard had ordered the search. *Id*.

During the search of Dodd's cell, prison officers found another inmate's plea agreement and Dodd was written up on a disciplinary offense, B-215, for unauthorized possession of state property. ECF 2 at 14. If found guilty of the offense, Dodd would lose his law clerk position and he would not be able to continue his legal secretary certificate program, completion of which would reduce his sentence by six months. *Id*. at 15. On February 2, 2018, Dodd attended the disciplinary hearing, where the B-215 offense was reduced to a C-353 offense, unauthorized possession of personal property. *Id*. The hearing officer found Dodd guilty of the C-353 offense, but he was allowed to retain his law clerk position and remain in the legal secretary certificate program. *Id*. However, because Dodd felt he should not have been charged with a disciplinary offense, he filed an appeal on February 13, 2018. *Id*.

While the appeal was pending, on March 8, 2018, Dodd received a memo from Leonard stating that he was being administratively removed from his law clerk position and he would never be reassigned to the law library while he was housed at the

Westville Correctional Facility. ECF 2 at 15, 20. Almost two weeks later, on March 20, 2018, Leonard, who also reviews disciplinary hearing appeals for the facility, granted Dodd's February 13, 2018 appeal, and recharged Dodd with the higher level B-215 offense. *Id*. at 16-17, 21. Dodd claims Leonard specifically granted his appeal so that he could recharge him with the higher level offense and have him removed from his law clerk position and legal secretary certificate program. *Id*. On March 28, 2018, Dodd attended the disciplinary hearing and was found guilty of the B-215 offense.[1] *Id*. at 17.

In his complaint, Dodd asserts that Leonard violated his First Amendment rights by engaging in the described acts of retaliation after he filed his complaint in *Zatecky*. "To prevail on his First Amendment retaliation claim, [Dodd] must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (quotation marks and citations omitted).

As an initial matter, some of the allegations contained in Dodd's complaint concern things that occurred more than two years before he filed his complaint, and

---

[1] Dodd further asserts he has been subjected to additional disciplinary sanctions that should not have been imposed, which include phone restrictions in July 2018, and commissary restrictions between August and October 2019. ECF 2 at 18, 21-23. He states that, after these restrictions were lifted, he found out he had been issued two conduct reports in August and September 2019. *Id*. at 23. Dodd also claims he was assigned to segregated housing on the basis of a trumped up disciplinary charge because he filed a grievance since there were no exhaust fans in his dorm. *Id*. That disciplinary charge was later overturned. *Id*. However, Dodd does not allege that Leonard was involved in any of these sanctions or disciplinary charges.

3

therefore appear to be untimely. "Indiana's two-year statute of limitations . . . is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983." *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 894 (7th Cir. 2001). Because Dodd signed his complaint on February 10, 2020, any claims accruing prior to February 10, 2018, are barred by the applicable statute of limitations. *See* ECF 2 at 11. Thus, his allegations that Leonard retaliated against him when he ordered the December 8, 2017, shakedown of his cell and had him charged with a disciplinary offense, which he was found guilty of on February 2, 2018, are time barred.

As to the allegations that Leonard retaliated after February 10, 2018, Dodd has not pled facts from which it can be plausibly inferred that his filing of his complaint in *Zatesky* motivated Leonard's actions. In other words, Dodd has not pled any facts that explain how Leonard's March 8, 2018, decision to administratively remove him from his law clerk position or Leonard's March 20, 2018, decision to grant Dodd's disciplinary appeal and recharge him with a higher-level disciplinary offense are, in some way, connected to Dodd filing a complaint five months earlier. While Dodd claims he only became the focus of Leonard's attention after he filed his complaint in *Zatesky*, he has not explained why he believes there is a link between the two. In other words, there appears to be no connection between the October 2017 filing of a complaint in a case against the Warden and prison staff at the Pendleton Correctional Facility and the actions Leonard, who is an administrative assistant at the Westville Correctional Facility, took five months later.

4

While Dodd's complaint does not state a claim, the court will give him an opportunity to replead, if after reviewing this order, he believes he can state a claim. *Luevano v. WalMart Stores, Inc.*, 722 F.3d 1014, 1022-23, 1025 (7th Cir. 2013); *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006). In his amended complaint, Dodd should explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured, providing as much detail as possible.

ACCORDINGLY, the court:

(1) DIRECTS the clerk to place this cause number on a blank Prisoner Complaint Pro Se 14 (INND Rev. 2/20) and send it to Richard Dodd;

(2) GRANTS Richard Dodd until **September 13, 2021**, to file an amended complaint; and

(3) CAUTIONS Richard Dodd that if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim upon which relief can be granted.

SO ORDERED on August 13, 2021.

                                                   /s/ Philip P. Simon
                                                  JUDGE
                                                  UNITED STATES DISTRICT COURT